[Cite as *State v. White*, 2023-Ohio-73.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111442 |
| v. | : | |
| KAMILLE C. WHITE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661483-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant, Kamille C. White, appeals the sentence imposed by the trial court in this case. Upon review, we affirm.

{¶ 2} White was charged under a four-count indictment. After reaching a plea agreement with the state, White pled guilty to felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, as amended to include two victims, and to inciting violence, in violation of R.C. 2917.01(A)(1), a felony of the third degree. The remaining charges were nolled. During the plea colloquy, the trial court advised White that the Reagan Tokes Law would apply to the second-degree felony offense and defense counsel made an objection on the record. The charges arose from an incident in which White incited several juveniles to assault the two named juvenile victims and participated in the fight.

{¶ 3} At sentencing, the trial court observed that White had a lengthy criminal history. The state indicated that the assault occurred at the direction of White. Defense counsel indicated that White's niece was being bullied, and White drove her niece to the fight. Defense counsel acknowledged White's participation in the fight, which included holding one of the victims who was assaulted and the threatening use of a hammer. Defense counsel discussed White's very difficult upbringing, her physical and emotional abuse as a child, her physical health issues, her engagement in counseling, and other mitigating factors.

{¶ 4} The trial court imposed a suspended prison sentence and placed White on three years of probation. On Count 2 for felonious assault, the trial court imposed a 36-month stated minimum term of imprisonment, along with a maximum term of 54 months. On Count 4 for inciting violence, the trial court imposed a sentence of 36 months. Defense counsel objected to the imposition of an

indefinite sentence under the Reagan Tokes Law as being unconstitutional. White timely appealed.

{¶ 5} We shall only address the issue presented on appeal. Under her sole assignment of error, White claims that the trial court erred by imposing an indefinite sentence and challenges the constitutionality of S.B. 201's indeterminate sentencing provisions. Specifically, she contends that the Reagan Tokes Law violates state and federal constitutional provisions for the right to a jury trial, the separation-of-powers doctrine, and due process. White concedes the same arguments were rejected in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and thus it appears her argument is advanced to preserve the claim for further review. Based on the authority established by this district's en banc holding in *Delvallie*, we must conclude that White's sentence does not violate her constitutional rights with respect to the challenges presented. The assignment of error is overruled.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

N.B.  Administrative Judge Anita Laster Mays is constrained to apply *Devallie's* en banc decision.  For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).